UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JAMES K. GOLDSMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTHEW CATE and CORRECTIONAL OFFICER SMITH,<br><br>        Defendants. | CIV. NO. 2:13-943 WBS KJN (PC)<br><br>MEMORANDUM AND ORDER RE: MAGISTRATE JUDGE'S FINDINGS & RECOMMENDATIONS |

----oo0oo----

Plaintiff James K. Goldsmith, a former state prisoner proceeding pro se, brought this action against defendants Matthew Cate and Correctional Officer Smith arising out of injuries plaintiff allegedly suffered while incarcerated. This action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 24, 2014, defendants moved to dismiss plaintiff's Complaint for failure to state a claim upon which relief could be granted. (Docket No. 18.) Plaintiff did not

1

file a timely opposition to that motion.  On May 6, 2014, the Magistrate Judge issued Findings and Recommendations in which he recommended that plaintiff's Complaint be dismissed.  (Docket No. 21.)  The court now reviews those Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 304.

I.   Allegations of the Complaint

On July 27, 2009, Correctional Officer Smith transported plaintiff from California State Prison-Sacramento ("CSP-Sacramento") to California Medical Facility-Vacaville for a liver biopsy.  (Compl. ¶ 5.)  At that time, plaintiff was classified as a disabled inmate and required the use of a cane for mobility.  (Id. ¶ 8.)  Plaintiff alleges that his lack of mobility was compounded by the sedative side effects of two psychiatric medications he took that day.  (Id. ¶ 7.)

After the completion of the biopsy, plaintiff informed Officer Smith that he felt weak as a result of the procedure and the side effects of his medication.  (Id. ¶ 11.)  Officer Smith acknowledged plaintiff's complaints, but nonetheless placed mechanical wrist and ankle restraints upon plaintiff in preparation for the trip back to CSP-Sacramento.  (Id.)  As plaintiff walked through the facility, Officer Smith provided a "visual escort" and maintained a distance of three to five feet from him.  (Id. ¶ 13.)

When plaintiff reached the top of a staircase, Officer Smith directed him to walk down the flight of stairs.  (Id. ¶ 14.)  After descending the first two steps, plaintiff lost his balance and began to fall down the stairs.  (Id.)  Officer Smith attempted to break plaintiff's fall, but was unsuccessful.  (Id.)

Plaintiff continued to fall until he reached the bottom of the staircase. (Id.)

On August 5, 2009, plaintiff filed a grievance against Officer Smith in which he alleged that he was injured as a result of Officer Smith's negligence. (Id. Ex. A.) Plaintiff's grievance was denied, as was each appeal of that denial. (Id.) Plaintiff's last appeal was denied by Cate, the Director of the California Department of Corrections and Rehabilitation, on June 15, 2010. (Id.)

After he was released from prison, plaintiff brought this action against Cate and Officer Smith on April 18, 2013, alleging violations of the Fourth, Eighth, and Fourteenth Amendments. (Id. at 10.)

II. Discussion

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with a defendant's liability," it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting Twombly, 550 U.S. at 557). While "[p]risoner pro se pleadings are given the benefit of liberal construction," a pro se prisoner "is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in [his] favor." Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citations omitted).

In relevant part, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983. While § 1983 is not itself a source of substantive rights, it provides a cause of action against any person who, under color of state law, deprives an individual of federal constitutional rights or limited federal statutory rights.[1]  Id.; Graham v. Connor, 490 U.S. 386, 393-94 (1989).

A. Claims Against Officer Smith

Plaintiff first alleges that Officer Smith's failure to prevent him from falling down the stairs violated his Fourth and Fourteenth Amendment rights to be free from injury. (Compl. at

---

[1] In contrast, violations of regulations promulgated by a state agency are not cognizable under § 1983. Baker v. Kernan, 795 F. Supp. 2d 992, 995 (E.D Cal. 2011) (Kozinski, J.) (citing Barry v. Fowler, 902 F.2d 770, 772 (9th Cir. 1990); Ebmeier v. Stump, 70 F.3d 1012, 1013 (8th Cir. 1995)); see generally West v. Atkins, 487 U.S. 42, 48 (1998) (noting that a § 1983 claim must allege a violation of rights "secured by the Constitution and laws of the United States"). To the extent that plaintiff's claims are predicated on violations of the California Code of Regulations, he fails to state a claim under § 1983.

10.)  As a general rule, a prisoner may not maintain a claim based on the Fourth Amendment because the rights it safeguards are "fundamentally incompatible with the close and continual surveillance of inmates and their cells."  Hudson v. Palmer, 468 U.S. 517, 527 (1984); see also Hawkins v. Comparet-Cassani, 251 F.3d 1230, 1238 (9th Cir. 2001) (holding that a "convicted prisoner . . . cannot bring a Fourth Amendment claim, which applies only to those not yet convicted").  Likewise, the Fourteenth Amendment is not an appropriate vehicle to raise claims regarding prison-related injuries that "implicate a more specific constitutional right" protected by the Eighth Amendment.  See Graham, 490 U.S. at 393.  Rather, the Supreme Court has emphasized that the Eighth Amendment's cruel and unusual punishments clause is the appropriate mechanism for raising claims that challenge inhumane or unsafe conditions of confinement.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).

In order to state a claim for violation of the Eighth Amendment, a prisoner must allege that a prison official acted with "deliberate indifference"--in other words, that he knew of and disregarded an excessive risk to inmate health or safety.  Id. at 837.  "Deliberate indifference is a high legal standard," and it requires more than a showing that prison officials were negligent.  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004); see also Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (holding that "[a]n official's failure to alleviate a significant risk that he should have perceived but did not" does not constitute deliberate indifference (citation and internal quotation marks omitted)).  Rather, a prisoner must allege that

5

"the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 842.

In certain circumstances, a prison official's failure to prevent an inmate from falling on slippery floors may constitute deliberate indifference. For instance, in Frost v. Agnos, the plaintiff had repeatedly injured himself upon slippery floors at a pretrial detention facility and had filed several grievances complaining of unsafe conditions. 152 F.3d 1124, 1129 (9th Cir. 1998). Although a doctor recommended that jail officials transfer the plaintiff to the handicapped unit, they refused to do so and did not take any measures to remedy the slippery floors. Id. In light of repeated indications that the prison floors were unsafe, the court held that the plaintiff was entitled to proceed to trial on his deliberate indifference claim. Id.

Here, by contrast, plaintiff has not alleged any facts showing that Officer Smith was deliberately indifferent to the risk that plaintiff would fall down the stairs. Although plaintiff alleges that he walked with a cane and that he informed Officer Smith that he felt weak after he underwent a liver biopsy, (Compl. ¶¶ 8, 11), those allegations alone are not sufficient to establish that Officer Smith knew plaintiff needed physical assistance walking down the stairs, let alone that Officer Smith knew of and disregarded the possibility that plaintiff would fall. In fact, plaintiff alleges that when he lost his balance, Officer Smith attempted to break his fall but was unable to do so. (Id. ¶ 14.) Those allegations establish nothing more than an "isolated occurrence" of possible neglect by

6

1  Officer Smith, which does not amount to deliberate indifference.
2  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled
3  on other grounds by WMX Techs, Inc. v. Miller, 104 F.3d 1133,
4  1136 (9th Cir. 1997).
5        This case is akin to Daniels v. Williams, 474 U.S. 327
6  (1988).  There, the plaintiff alleged that he sustained injuries
7  when he slipped on a pillow that a prison official negligently
8  left on the stairs.  Id. at 328.  The Supreme Court held that
9  even if plaintiff's allegations were correct, those allegations
10 could not sustain a claim because a prison official's negligence
11 is neither sufficient to establish deliberate indifference nor
12 cognizable under § 1983 more generally.  Id. at 330-31.  Like the
13 plaintiff in Daniels, plaintiff has not alleged more than mere
14 negligence; in fact, his administrative grievance explicitly
15 characterized Officer Smith's failure to assist him down the
16 stairs as "negligent."  (See Compl. Ex. A.)  Accordingly,
17 plaintiff has not stated a cognizable Eighth Amendment violation
18 based on Officer Smith's conduct.
19       Finally, plaintiff alleges that Officer Smith's conduct
20 violated a constitutional duty independent of the Eighth
21 Amendment to "protect[] plaintiff from danger and harm."  (Compl.
22 at 10.)  As the Supreme Court has made clear, however, the
23 Constitution is not a freestanding "font of tort law" and
24 therefore does not give rise to a general duty to prevent harm.
25 Paul v. Davis, 424 U.S. 693, 701 (1976); accord Town of Castle
26 Rock v. Gonzales, 545 U.S. 748, 768 (2005).  To the extent that
27 such a duty exists in the prison context, it is an extension of
28 the Eighth Amendment's protection against cruel and unusual

1  punishment rather than a broader constitutional right to be free
2  from harm.  See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,
3  489 U.S. 189, 198-99 (1989) (citing cases).  Because plaintiff
4  has failed to state a claim under the Eighth Amendment, the court
5  must grant defendants' motion to dismiss plaintiff's claims
6  against Officer Smith.
7       B.    Claims Against Director Cate
8            Plaintiff alleges that Cate is liable for his injuries
9  in his capacity as Director of the California Department of
10 Corrections and Rehabilitation.  A defendant is not vicariously
11 liable under § 1983 for the conduct of his subordinates.  Iqbal,
12 556 U.S. at 676.  A defendant may be held liable as a supervisor
13 only "if there exists either (1) his or her personal involvement
14 in the constitutional deprivation, or (2) a sufficient causal
15 connection between the supervisor's wrongful conduct and the
16 constitutional violation."  Starr v. Baca, 652 F.3d 1202, 1207
17 (9th Cir. 2011).  Plaintiff does not allege that Cate was
18 personally involved in Smith's decision to require him to walk
19 down the stairs without assistance, and does not allege that
20 Cate's conduct otherwise led to or was causally connected to his
21 injuries.  Accordingly, plaintiff fails to state a cognizable
22 claim against Cate based on Smith's conduct.
23           Plaintiff also alleges that Cate deprived him of his
24 constitutional "right to be free from unnecessary harm or danger"
25 by erroneously denying plaintiff's appeal of his grievance
26 against Smith.  (Compl. at 10.)  Even assuming that such a right
27 was cognizable under § 1983--which it is not, see Gonzales, 545
28 U.S. at 768--the denial of plaintiff's grievance does not give

8

rise to a § 1983 claim because a prisoner has no right to any specific grievance procedure above and beyond the standards established by the Due Process Clause.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Accordingly, the court must grant defendants' motion to dismiss plaintiff's claims against Cate.

        IT IS THEREFORE ORDERED that defendants' motion to dismiss be, and the same hereby is, GRANTED.

        Plaintiff is granted twenty days from the date this Order is signed to file an amended Complaint, if he can do so consistent with this Order.

Dated:  June 26, 2014

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE